IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| EDIBLE ARRANGEMENTS, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>CHEIKH MBOUP, and<br>E.A. INTERNATIONAL LLC,<br><br>  Defendants. | CIVIL ACTION FILE<br><br>NO. 3:25-CV-00558 |

**PLAINTIFF EDIBLE ARRANGEMENTS, LLC'S
MOTION TO COMPEL DEPOSITION TESTIMONY
AGAINST NON-PARTY ALI MOKHBEROLSAFA**

COMES NOW, Plaintiff Edible Arrangements LLC ("Plaintiff" or "Edible"), by and through their undersigned counsel and pursuant to Rules 26, 30, 37, and 45 of the Federal Rules of Civil Procedure, and files this *Motion to Compel Deposition Testimony (the "Motion") Against Non-Party Ali Mokhberolsafa* ("Ali Safa") to request the specific discovery relief set forth below, and stating as follows:

**I.    Overview**

The underlying case, *Edible Arrangements, LLC v. Cheikh Mboup, et al.*, Civil Action File No. 1:23-CV-01158-TWT, is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division, before the Honorable Thomas W. Thrash, Jr. [*See generally*, **Exhibit 1**, Plaintiff's First Amended Complaint]. This Motion concerns the improper assertion of the

accountant-client privilege by Defendants Cheikh Mboup ("Mboup") and E.A. International LLC ("EAI") and non-party Ali Safa to questions asked during Mr. Safa's deposition, held remotely on May 16, 2025, with Mr. Safa testifying from his place of business and/or residence located in Jacksonville, Florida. [*See* **Exhibit 2**, at 1–2, 5].

Pursuant to Fed. R. Civ. P. 37(a)(2), 37(a)(3)(B), and 45(f), Plaintiff requests that this Court find that Defendants' and Mr. Safa's assertion of the accountant-client privilege is improper and, accordingly compel Mr. Safa to sit for a second deposition and provide complete deposition testimony in response to Plaintiff's questions regarding his communications with Defendant Cheikh Mboup. Put simply, Mr. Safa is not a Certified Public Accountant (he is an IRS Enrolled Agent) and thus, there is no accountant-client privilege for communications between Defendants and Mr. Safa.

## II. Background

Mr. Safa owns and operates D&B Tax Group, LLC ("D&B"), which provides tax and accounting services in the Jacksonville, Florida area. [*See* **Exhibits 3 & 4**]. Mr. Safa, individually, provides tax and accounting services to Defendants. [*See* **Exhibit 4; Exhibit 5; Exhibit 6,** Redacted excerpts from Plaintiff's Deposition of Defendant Mboup at 15:25–16:7].

On April 10, 2025, Mr. Safa's Counsel's Kenneth M. Rehns accepted service of Plaintiff's subpoena for Mr. Safa's deposition. [*See* **Exhibit 7**]. After conferring

with Defendants' Counsel and Mr. Safa's counsel about scheduling for the deposition, on April 25, 2025, Plaintiff filed both an *Amended Notice of Deposition of Ali Mokhberolsafa and Intent to Serve Subpoena,* and, contemporaneously, *a Subpoena to Testify at a Deposition in a Civil Action* (the "Subpoena"), for Mr. Safa's remote deposition on May 16, 2025 at 10:00 AM. [*See* **Exhibit 2**, at 1–2, 5]. Mr. Safa's counsel again confirmed receipt and accepted service of Plaintiff's subpoena. [**Exhibit 8**, at 5].

Prior to the deposition Defendants' Counsel sent Plaintiff's counsel a letter ("Defendants' Objections"), asserting limited objections to the deposition of Mr. Safa. [*See* **Exhibit 9**, at 1]. Specifically, Defendants provided Plaintiffs with notice "that they object to any deposition questions at the May 16 deposition of non-party witness Ali Mokhberolsafa that invade their [(Defendants')] accountant-client privilege . . ." [*See* **Exhibit 9**, at 2, 3]. Mr. Safa also served objections to Plaintiff's subpoena for his deposition ("Safa's Objections"). [*See* **Exhibit 10**]. Similar to Defendants' Objections, Mr. Safa improperly asserted the accountant-client privilege, and objected to providing deposition testimony "to the extent that Plaintiff or its counsel intends to seek information protected by § 90.505 . . ." [*See* **Exhibit 10**, at 1].

**It is undisputed that Mr. Safa is not a certified professional accountant ("CPA").** [*See* **Exhibit 11; Exhibit 14,** Excerpts from Rough Draft Deposition

Transcript of Plaintiff's May 16, 2025 Deposition of Ali Safa, at 4:16–24 ("Q: And you have never been a certified public accountant; correct?  A: That's correct.")]. Rather, Mr. Safa is an "IRS Licensed Enrolled Agent." [*See* **Exhibit 5; Exhibit 11; Exhibit 12, Exhibit 14,** 4:19–21].

Prior to Mr. Safa's deposition, Plaintiffs' counsel sent Defendants' counsel and Mr. Safa's counsel an email of the applicable law on accountant-client privilege and how it does not apply to communications with Mr. Safa. [*See* **Exhibit 13**]. In that email, Plaintiffs' counsel informed Defendants' counsel and Mr. Safa's counsel that the "accountant-client privilege does not apply to Mr. Safa's communications since he is not a CPA" and "[a]ccordingly, asserting such a privilege and/or instructing Mr. Safa not to answer has no basis in the law and will be obstructing the [May 16, 2025] deposition." [*See* **Exhibit 13**].

Despite the applicable law, in Mr. Safa's deposition Defendants' counsel and Mr. Safa's counsel asserted objections and instructed Mr. Safa not to answer, based on Florida's accountant-client privilege. [*See* **Exhibit 14**, at 22:24–27:10, 52:12–53:12, 64:01–65:01]. For example, in response to whether Defendant Mboup ever sought Mr. Safa's advice for transferring funds outside of the United States, Mr. Safa's counsel objected based on the accountant-client privilege and Mr. Safa refused to answer, despite being informed of the applicable law. [**Exhibit 14**, at 22:24–23:10].

Mr. Safa's improper assertion of the privilege and failure to answer Plaintiff's questions obstructed Plaintiff's ability to gather important, discoverable testimony and information. Therefore, pursuant to Fed. R. Civ. P. 37(a)(3)(B) and 45(f), Plaintiff requests that this Court compel Mr. Safa to sit for a second deposition and provide complete deposition testimony in response to Plaintiff's questions regarding his communications with Defendant Cheikh Mboup.

### III.  Argument and Citation to Authority

Defendants' and Mr. Safa's objections, based on Florida's accountant-client privilege, are meritless for two reasons: (1) Georgia's accountant-client privilege is the applicable privilege here, and the privilege is only applicable to CPAs; and (2) alternatively, even if Florida's accountant-client privilege did apply, it too is only applicable to CPAs.

### (1)  *Georgia's Accountant-Client Privilege Applies, and it Requires that Mr. Safa be a CPA for the Privilege to Attach.*

First and foremost, Georgia's accountant-client privilege is the applicable privilege here. Although Federal law does not recognize the accountant-client privilege, federal courts will still apply the applicable state's privilege laws. *Matter of International Horizons, Inc.*, 689 F.2d 996, 1003–05 (5th Cir. 1982). In a federal diversity action, such as the instant case, where a federal court decides a state law claim, "it applies the choice-of-law rules of *the jurisdiction in which it sits*." *Carter v. Porsche Cars N. Am., Inc.*, No. 1:19-CV-5508-MLB, 2021 WL 6805718, at *4

(N.D. Ga. June 25, 2021) (emphasis added); *Christenbury v. Locke Lord Bissell & Lidell, LLP*, 285 F.R.D. 675, 680–81 (N.D.Ga. 2012) ("This follows from Federal Rule of Evidence 501, which provides that 'in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law"). Here, this case is currently pending in the Northern District of Georgia, and thus, Georgia's choice of law rules should apply.

As for choice of law rules, "Georgia applies *lex loci delecti* [(law of the state where the injury occurred)] to tort actions." *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1280 (S.D. Ga. 2010). "Under the rule of *lex loci delecti*, tort cases are governed by the substantive law of the state where the tort was committed." *Federated Rural Elec. Ins. Exchange v. R.D. Moody & Associates, Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006); *see also Auld v. Forbes*, 309 Ga. 893, 894 (2020). Specifically, for torts and claims "sounding in fraud," such as those in the instant case, "the 'last event' necessary for liability is the place 'where that injury was sustained." *Monopoli v. Mercedes-Benz USA, LLC*, No. 1:21-cv-01353-SDG, 2022 WL 409484, at *5 (N.D. Ga. Feb. 10, 2022). Here, the alleged torts, which are based on Mr. Mboup's fraud, occurred in Georgia. [*See* **Exhibit 1**, at 6–19]. Accordingly, Georgia's state laws, including its accountant-client privilege laws, apply in this case, and not Florida's privilege laws. *See e.g.*, *Christenbury*, 285 F.R.D. at 680–81

-6-

(N.D.Ga. 2012) (citing *McDonald v. H&S Homes, LLC*, 2009 WL 42511174, at *3 (M.D.Ga. Nov. 23, 2009) ("Georgia's law of privilege controls in this case because the case is before the Court under diversity of citizenship jurisdiction and Georgia law governs the resolution of the dispute.")

Georgia's accountant-client privilege is codified in O.C.G.A. § 43-3-29(a)–(b), with subsection (b) stating the privilege for an accountant's communications with their clients. Notably, however, Georgia's accountant-client privilege only provides protection if the accountant is a "**certified public account**." O.C.G.A. § 43-3-29(b) ("All communications between a *certified public accountant* . . . and the person for whom such *certified public accountant* . . . shall have made any audit or other investigation . . . shall be deemed privileged communications . . .) (emphasis added). Furthermore, Georgia case law has held that Georgia's accountant-client privilege is broad and applies to all communications, including those made entirely outside of the state of Georgia. *Christenbury*, 285 F.R.D. at 680–81 ("[This] Court believes that a Georgia court applying Georgia's law of privilege would likely apply the accountant-client privilege in this case. Defendants ask the Court to read into this statute a geographic limitation that is not apparent from the text and finds no support in any case law Defendants cite. Indeed, the statute broadly covers 'all communications between a certified public accountant' and his client, and provides

that such communications are privileged 'in all courts or any other proceedings whatsoever.'").

Therefore, because Mr. Safa is merely an IRS Enrolled Agent, and not a CPA, his communications with Defendant Mboup are not afforded the accountant-client privilege under Georgia law, even if such communications occurred entirely outside of Georgia. Accordingly, Defendants' and Mr. Safa's objections, made both prior to and during Mr. Safa's deposition, are meritless and were made to withhold important, discoverable information and/or obstruct or otherwise derail Plaintiff's questioning. This should end the inquiry.

### (2) *Although Not Applicable, Florida's Accountant-Client Privilege Also Requires Mr. Safa to be a CPA, for the Privilege to Attach.*

Second, and alternatively, even if Florida law does apply its accountant-client privilege also only extends to CPAs, and thus, does not protect any of Defendant Mboup's communications with Mr. Safa.

Notably, in asserting their objections, both Defendants and Mr. Safa cite the incorrect statute, Fla. Stat. § 90.5055, for Florida's accountant-client privilege. [*See* **Exhibit 9**, at 2; **Exhibit 10**, at 1]. Florida's District Courts have found that Fla. Stat. § 473.316, which is the more specific statute governing Florida's accountant-client privilege and which defines "accountant" as a "certified public accountant," has abrogated Fla. Stat. § 90.5055, which merely defines an accountant as a "public

accountant." The case of *Probinsky v. Probinsky*, 13-10097-CIV, 2014 WL 12621968, at *1–2 (S.D. Fla. Feb. 3, 2014) is right on point. The Court held:

> Florida Statute 473.316 is clear that its accountant-client privilege extends only to Florida-licensed CPAs. Mr. Rosenzweig [like Mr. Safa] is not a Florida-licensed CPA, and thus can not claim the protection offered by that statute. Florida restates the accountant client privilege set forth at § 473.316, in the Florida Evidence Code, at Florida Statute § 90.5055. The Evidence Code does not expressly limit its applicability to Florida accountants, and Defendant Diamond relies upon this to argue that the Evidence Code recognizes an evidentiary privilege for all CPA's regardless of where they are licensed. There are a number of reasons why this argument is unpersuasive. First, from the plan language of §§ 473.316 and 90.5055, it appears that the evidentiary privilege recognized in § 473.316 was simply codified in the Evidence Code at § 90.5055. *Second it makes no sense that Florida would undertake careful efforts in Fla. Stat. 473.301 et seq., to regulate the accountants it licenses—including providing an evidentiary privilege for those accountants—but would extend that privilege to any "certified public accountant or a public accountant"* . . . Based on the foregoing, I find that Defendant Diamond has failed to establish that the Florida accountant privilege shields from discovery the documents Plaintiff seeks.

*Id. (emphasis added)*; *see also Yacht Mgmt. S. Fla., Inc. v. M/V PRIVEE*, 20-60849-CV, 2021 WL 767740, at *3 (S.D. Fla. Feb. 25, 2021) ("Florida Statute 473.316 is clear that its accountant client privilege extends only to Florida-licensed CPA's" or those otherwise compliant with Fla.Stat. § 473.3141 with respect to Certified Public Accountants licensed in other states.").

Accordingly, like Georgia's accountant-client privilege, Florida's accountant-client privilege also requires that Mr. Safa be a CPA for his communications with

Defendant Mboup to be privileged. Therefore, because Mr. Safa is not a CPA, Defendants' and Mr. Safa's objections, made both prior to and during Mr. Safa's deposition, are also meritless under Florida law.

### IV. Alternatively, This Court Should Transfer this Subpoena Related-Motion to the Northern District of Georgia, Atlanta Division.

Pursuant to Fed. R. Civ. P. 37(a)(2), Plaintiff filed this motion in the Middle District because it is submitting a motion for an order to a nonparty in the court where the discovery is or will be taken. Plaintiff's subpoena required Mr. Safa to provide deposition testimony from his place of business/residence: 9770 Baymeadows Road Suite #135, Jacksonville, Florida, 32256. [*See* **Exhibit 2**]. Because the place for compliance is located in Jacksonville, Florida, Plaintiff is required to file this Motion with this Court.

However, "exceptional circumstances" permit this matter to be heard by the Court handling the underlying case. Exceptional circumstances have been found where the issuing court was in a "much better position" to evaluate the specific issues, where the issuing court "has already supervised substantial discovery and begun preparations for trial," and where there are motions "for a privilege determination." *See e.g.*, *In re Thomas Horstemeyer, LLP*, 123CV04966WMRLTW, 2023 WL 8845824, at *4-5 (N.D. Ga. Nov. 8, 2023); *Flynn v. FCA US LLC*, 216 F. Supp. 3d 44, at 47–49 (D.D.C. 2016); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, at 34–35, 37 (D.D.C. 2014); see also Fed. R. Civ. P. 45(f), advisory

-10-

committee's note (2013 amendments) ("Rule(f) provides authority for that court to transfer the motion to the court where the action is pending. It applies to all motions under this rule, including an application under Rule 45(e)(2)(B) for a privilege determination").

Here, exceptional circumstances exist warranting transfer to the issuing court because: (i) this case has been pending since March 17, 2023 and the issuing court is familiar with the full scope of the issues involved and has been active in resolving discovery disputes; and (ii) the procedural posture of the case warrants transfer, as the current discovery deadline is today, May 20, 2025, and a delay in ruling could affect the issuing court's pre-trial schedule. In addition, the privilege was asserted by Defendants, with Mr. Safa then following Defendants' instruction not to answer.[1] Therefore, for the reasons above, Plaintiff alternatively requests that this Court transfer this Motion to the Northern District of Georgia, Atlanta Division, pursuant to Rule 45(f).

## V.     Conclusion

As shown above, Mr. Safa is an IRS Enrolled Agent and not a CPA, and thus, Georgia's (and Florida's) accountant-client privilege does not apply, the communications between Mr. Safa and Defendant Mboup are not privileged. Thus,

---

[1] Mr. Safa arguably does not have a stake in this issue – his clients, the Defendants – are the one asserting the privilege. Defendants will not be prejudiced in any way by the Court in the underlying case addressing the objection.

Defendants' and Mr. Safa's objections made on the basis of such privilege are meritless and this Court should find the same, and compel Mr. Safa to sit for a second deposition and provide complete deposition testimony in response to Plaintiff's questions regarding his communications with Defendant Cheikh Mboup.

Alternatively, Plaintiff respectfully requests that this Court transfer this Motion, pursuant Rule 45(f), to the issuing court, the Northern District Court of Georgia, Atlanta Division, and allow the issuing court to resolve this dispute as exceptional circumstances exist.

Respectfully submitted this 20th day of May, 2025.

> */s/ Jason S. Alloy*
> Jason S. Alloy (FL 040559)
> jalloy@robbinsfirm.com
> Robbins Alloy Belinfante Littlefield LLC
> 500 14th Street, N.W.
> Atlanta, Georgia 30318
> Telephone: (678) 701-9381
>
> *Attorney for Plaintiff Edible Arrangements, LLC*

## **MIDDLE DISTRICT OF FLORIDA, LOCAL RULE 3.01(G) CERTIFICATION**

I certify between the dates of May 14, 2025 and May 16, 2025, the undersigned conferred with counsel for Defendants and non-party Ali Safa, via written correspondence before Mr. Safa's deposition and during Mr. Safa's May 16, 2025 remote deposition and were unable to resolve the discovery dispute this Motion presents.

This 20th day of May, 2025.

*/s/ Jason S. Alloy*
Jason S. Alloy, 040559

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2025, I have this day served the within and foregoing, **PLAINTIFF EDIBLE ARRANGEMENTS, LLC'S MOTION TO COMPEL DEPOSITION TESTIMONY AGAINST NON-PARTY ALI MOKHBEROLSAFA**, via electronic mail on the following counsel of record:

Andrea L. Pawlak, Esq.
a.pawlak@swtwlaw.com
Kevin L. Ward, Esq.
k.ward@swtwlaw.com
Christopher J. Williams, Esq.
c.williams@swtwlaw.com
Schulten Ward Turner & Weiss, LLP
260 Peachtree St. NW, Suite 2700
Atlanta, GA 30303

Tricia P. Hoffler, Esq.
ck@ckhofflerfirm.com
THE CK HOFFLER FIRM
27 Lenox Pointe NE
Atlanta, Georgia, 30324

Donald F. Samuel, Esq.
dfs@gsllaw.com
Garland, Samuel, & Loeb, P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia, 30305

Michael R. Cavendish, Esq.
mcavendish@cavpartners.com
Cavendish Partners P.A.
200 West Forsyth Street, Ste. 1300
Jacksonville, Florida, 32202

-15-

*Attorneys for Cheikh Mboup &
E.A. International LLC*

Kenneth M. Rehns, Esq.
krehns@lippes.com
Lippes Mathias, LLP
4420 Beacon Circle
West Palm Beach, Florida 33407

*Attorney for Ali Mokhberolsafa.*

This 20th day of May, 2025.

<u>*/s/ Jason S. Alloy*</u>
Jason S. Alloy

-15-