# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

EDIBLE ARRANGEMENTS, LLC,

      Plaintiff,

v.

CHEIKH MBOUP,
E.A. INTERNATIONAL, LLC,
ACTIVE MEDIA SERVICES, INC.,
and XYZ CORPORATIONS #1-4,

      Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-01158-TWT

## PLAINTIFF EDIBLE ARRANGEMENTS, LLC'S
## AMENDED NOTICE OF DEPOSITION OF ALI MOKHBEROLSAFA &
## INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure

30 and 45, Plaintiff Edible Arrangements, LLC, by and through its undersigned

counsel, intends to issue and serve the attached "Subpoena to Testify at a Deposition

in a Civil Action" ("Subpoena") (Exhibit 1) upon non-party Ali Mokhberolsafa a/k/a

Ali Safa.

PLEASE TAKE FURTHER NOTICE that, pursuant to the attached Subpoena,

Plaintiff will take the virtual deposition of Ali Mokhberolsafa beginning at **10:00**

**a.m. EST** on **Friday, May 16, 2025**, and continuing from day to day until completed.

The deposition will take place at 9770 Baymeadows Road Suite #135, Jacksonville,

FL 32256, and will be conducted remotely via Zoom, Microsoft Teams, or other

similar videoconferencing platforms, and specific meeting information (including meeting ID and password) will be provided prior to the deposition.

The deposition will be taken upon oral examination before an officer duly authorized by law to administer oaths and will be recorded by stenographic and videographic means. The deposition will be taken for all purposes permitted under the Federal Rules of Civil Procedure and for all other purposes authorized by Federal and Georgia law.

Respectfully submitted this 25th day of April, 2025.

*/s/ Ryan H. Read*
Richard L. Robbins
Georgia Bar No. 608030
rrobbins@robbinsfirm.com
Jason S. Alloy
Georgia Bar No. 013188
jalloy@robbinsfirm.com
Matthew T. Parrish
Georgia Bar No. 558262
mparrish@robbinsfirm.com
Cate Sullivan
Georgia Bar No. 957620
csullivan@robbinsfirm.com
Ryan H. Read
Georgia Bar No. 471916
ryan.read@robbinsfirm.com
Robbins Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
Telephone: (678) 701-9381
Facsimile: (404) 856-3255

*Attorneys for Plaintiff Edible Arrangements, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing **PLAINTIFF EDIBLE ARRANGEMENTS, LLC'S AMENDED NOTICE OF DEPOSITION OF ALI MOKHBEROLSAFA & INTENT TO SERVE** with the Clerk of Court using the CM/ECF electronic filing system which will automatically send counsel of record e-mail notification of such filing.

This 25th day of April, 2025.

*/s/ Ryan H. Read*
Ryan H. Read

# EXHIBIT 1

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | |
|---|---|
| Edible Arrangements, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    1:23-cv-01158-TWT |
| Cheikh Mboup, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         ATTN: Ali Mokhberolsafa, 9770 Baymeadows Road Suite #135, Jacksonville, FL 32256

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| | |
|---|---|
| Place: 9770 Baymeadows Road Suite #135, Jacksonville, FL 32256, to conducted remotely via Zoom or other similar videoconferencing platforms. | Date and Time:<br>05/16/2025 10:00 am |

The deposition will be recorded by this method:    Videoconference, stenographic, and videographic means.

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/25/2025

CLERK OF COURT

                        OR

| | |
|---|---|
| _____ | /s/Ryan H. Read |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Edible Arrangements, LLC _____, who issues or requests this subpoena, are:

Ryan H. Read; 500 14th St. NW, Atlanta, GA 30318; ryan.read@robbinsfirm.com; 678-701-4559

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:23-cv-01158-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).